IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Civil Action No. 23-120-RGA |
| MICROSOFT CORPORATION,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>LITL LLC,<br><br>Intervenor-Defendant. | |

MEMORANDUM ORDER

Before me is Defendant HP's Motion to Dismiss the First Amended Complaint's Claims of Pre-Suit Indirect and Willful Infringement. (D.I. 21). In support of its Motion to Dismiss, HP submits a Request for Judicial Notice (D.I. 23) of Exhibit A to the Declaration of Claire E. Schuster ("Schuster Declaration Ex. A") (D.I. 24-1, Ex. A). I have considered the parties' briefing. (D.I. 22, 26, 28).

I. **BACKGROUND**

In the First Amended Complaint ("FAC"), Plaintiff LiTL alleges HP infringes one or more claims of U.S. Patent Nos. 8,289,688 ("the '688 patent"); 8,624,844 ("the '844 patent"); 9,563,229 ("the '229 patent "); 10,289,154 ("the '154 patent"); 9,003,315 ("the '315 patent"); 9,880,715 ("the '715 patent"); 10,564,818 ("the '818 patent"); and 8,612,888 ("the '888 patent")

1

(collectively, "the Asserted Patents."). (D.I. 20 ¶ 2). The Asserted Patents relate to computing devices that can be used in multiple display modes. (*Id.* ¶ 17). HP moves to dismiss the FAC for failure to state a claim of (1) pre-suit induced infringement under the '688, '229, and '315 patents and (2) willful infringement under the '688 patent. (D.I. 22). HP also requests I take judicial notice of Schuster Declaration Ex. A as "a true and correct copy of the results of a search of the Patent Office's 'Patent Public Search' database, as accessed on April 19, 2023." (D.I. 23 at 2).

## II.  LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III. DISCUSSION

This lawsuit is one in a series of patent infringement actions related to the Asserted Patents, including LiTL's now dismissed lawsuit against Lenovo. *See LiTL LLC v. Lenovo (United States), Inc.*, C.A. No. 20-689-RGA, D.I. 119 (D. Del. Feb. 3, 2023). *Lenovo* involved similar arguments to the ones now raised by HP.

### A. Pre-Suit Induced Infringement

In *Lenovo*, I set forth the relevant law. 2022 WL 610739, at *6–10 (D. Del. Jan. 21, 2022). "[T]o prove induced infringement, a plaintiff must prove the following elements: (1) direct infringement, (2) knowing inducement of infringement, and (3) specific intent to encourage another's infringement." *Id.* at 7. "To prove the second element, 'knowing inducement of infringement,' it logically follows that a plaintiff must prove the following sub-elements: (a) knowledge of the patent(s); (b) knowledge of the direct infringement of the patent(s); (c) action(s) taken to induce infringement; (d) knowledge the action(s) would induce the direct infringement; and (e) some causal link between the inducing acts and the direct infringement." *Id.* (citations omitted). "At the pleading stage, a plaintiff must allege facts that would allow a factfinder plausibly to conclude each of these elements and sub-elements is satisfied." *Id.*

HP argues that the FAC fails to plausibly allege HP had pre-suit knowledge of the '688, '229, and '315 patents. (D.I. 22 at 5–10). For its pre-suit induced infringement claims, LiTL must allege sufficient facts to support an inference that HP had knowledge of the asserted patents

3

prior to the commencement of this suit. HP does not challenge the sufficiency of LiTL's pleading of the other elements.

### 1. Prosecution of the HDPC Patents

LiTL alleges that Hewlett-Packard Development Company, L.P. ("HPDC") is a wholly-owned subsidiary of HP that holds HP's intellectual property rights. (D.I. 20 ¶ 52). The FAC alleges that HP and its in-house patent attorneys routinely prosecute HPDC patent applications, including the applications discussed in the FAC. (*See id.* ¶¶ 53–127). HP nevertheless argues that knowledge gained during prosecution of HPDC patent applications cannot be imputed to HP when HP is not the listed assignee. (D.I. 22 at 6; 28 at 10).

Even ignoring the underlying agency law question, HP's in-house attorneys prosecuted the referenced HPDC patent applications and sent and received related correspondence. (D.I. 20 ¶¶ 71–127). HP's extensive involvement is sufficient to confer on HP any knowledge regarding LiTL's patents gained during the prosecution of these patent applications.

I also reject HP's implication that it cannot be held accountable for the portions of the patent prosecution handled by outside counsel. (D.I. 28 at 8–9). It is reasonable to infer that HP's in-house counsel is aware of actions taken on HP's behalf by the external law firm that HP hired. Failure to be so aware would raise questions about willful blindness. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 653 U.S. 754, 769 (2011) ("The defendant must subjectively believe that there is a high probability that a fact exists and . . . the defendant must take deliberate actions to avoid learning of that fact."). I therefore find it proper to impute knowledge gained during prosecution of the HPDC patent applications to HP.

4

### 2. The '688 Patent

LiTL has alleged sufficient facts to support a plausible inference that HP had pre-suit knowledge of the '688 patent.

The '688 patent is cited on the face of three HPDC patents. (D.I. 20 ¶¶ 106, 118, 124). The published version of the patent application that issued as the '688 patent ("the '832 publication") is cited on the face of one HPDC patent. (*Id.* ¶ 94). HPDC identified the '688 patent in two Information Disclosure Statements it submitted to the USPTO. (*Id.* ¶¶ 114, 122). The USPTO examiner cited the '688 patent in a rejection of one HPDC patent application and the '832 publication in a rejection of another. (*Id.* ¶ 101; *id.* ¶¶ 75, 82, 87). HP itself referenced and discussed the substance of the '832 publication during the prosecution of one application. (*Id.* ¶¶ 78, 85). HP discussed the substance of the '688 patent during the prosecution of another application. (*Id.* ¶ 102). HP discussed the '832 publication in two interviews during the prosecution of one application. (*Id.* ¶¶ 84, 90). The International Searching Authority mailed HP a written opinion identifying the '688 patent as the closest prior art during the prosecution of a PCT application. (*Id.* ¶¶ 108–09).

HP has cited to the '688 patent six times and to the '832 publication two times, and LiTL points to 140 citations to the '688 patent and 168 citations to the '832 publication by "major players" in the personal computing industry to show the '688 patent is well-known in the industry. (*Id.* ¶¶ 125–27). These statistics adequately support the conclusion. *See Lenovo*, 2022 WL 610739, at *6–10.

Taken together, these allegations plausibly support an inference that HP had pre-suit knowledge of the '688 patent.

### 3. The '229 and '315 Patents

LiTL asserts that the FAC does not allege pre-suit induced infringement claims under the '229 and '315 patents. (D.I. 26 at 20). I agree that the FAC only alleges post-filing induced infringement claims under the '229 and '315 patents. (*See* D.I. 20 ¶¶ 226–28; 177–80). I therefore dismiss as moot the portion of HP's motion seeking to dismiss pre-suit induced infringement claims under the '229 and '315 patents.

## B. Willful Infringement

"Under *Halo*, the concept of 'willfulness' requires . . . no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo*, 579 U.S. at 105).

HP's Motion to Dismiss the willful infringement claim under the '688 patent relies solely on its argument that it lacked pre-suit knowledge of the patent. (D.I. 22 at 5–8; D.I. 26 at 2–10). LiTL has plausibly alleged that HP had pre-suit knowledge of the '688 patent. At the motion to dismiss stage, that is sufficient to support a claim of willful infringement. *See Lenovo*, 2022 WL 610739, at *10.

## IV. CONCLUSION

For the foregoing reasons, HP's Motion to Dismiss is **DENIED in part** and **DISMISSED in part**.

As I deem it unnecessary to take judicial notice of Schuster Declaration Ex. A in

6

adjudicating HP's Motion to Dismiss, Defendant's Request for Judicial Notice is **DENIED**.

IT IS SO ORDERED.

Entered this 16th day of November, 2023

/s/ Richard G. Andrews
United States District Judge