IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC,<br><br>      Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>      Defendant. | C.A. No. 23-120-RGA |
| MICROSOFT CORPORATION,<br><br>      Intervenor-Plaintiff,<br><br>v.<br><br>LITL LLC,<br><br>      Intervenor-Defendant. | |
| LITL LLC,<br><br>      Intervenor-Defendant /<br>      Counterclaim Plaintiff in<br>      Intervention,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>      Intervenor-Plaintiff /<br>      Counterclaim Defendant in<br>      Intervention. | |

| | |
|---|---|
| LITL LLC, <br><br>   Plaintiff, <br><br>v. <br><br>DELL TECHNOLOGIES INC. and DELL INC., <br><br>   Defendants. | C.A. No.  23-121-RGA |
| MICROSOFT CORPORATION, <br><br>   Intervenor-Plaintiff, <br><br>v. <br><br>LITL LLC, <br><br>   Intervenor-Defendant. | |
| LITL LLC, <br><br>   Intervenor-Defendant / <br>   Counterclaim Plaintiff in <br>   Intervention, <br><br>v. <br><br>MICROSOFT CORPORATION, <br><br>   Intervenor-Plaintiff / <br>   Counterclaim Defendant in <br>   Intervention. | |

| | |
|---|---|
| LITL LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS GLOBAL PTE. LTD.,<br><br>          Defendants. | C.A. No. 23-122-RGA |
| MICROSOFT CORPORATION,<br><br>          Intervenor-Plaintiff,<br><br>v.<br><br>LITL LLC,<br><br>          Intervenor-Defendant. | |
| LITL LLC,<br><br>          Intervenor-Defendant /<br>          Counterclaim Plaintiff in<br>          Intervention,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>          Intervenor-Plaintiff /<br>          Counterclaim Defendant in<br>          Intervention. | |

# [PROPOSED] ELECTRONIC DISCOVERY ORDER

1. **General Provisions**

    (a) **Cooperation**. Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following standards shall apply until further order of the Court or the parties reach agreement.

    (b) **Proportionality**. Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    (c) **Preservation of Discoverable Information**. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

        (i) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

        (ii) Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

    (d) **Privilege**.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

1

(i) The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv) Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2. **Initial Disclosures.** On the date set by the Court for the exchange of Initial Disclosures, each party shall disclose:

(a) **Custodians**. The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

      (b)    **Non-Custodial Data Sources**.[2]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

      (c)    **Notice**.  The parties shall identify any issues relating to:

          (i)    Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

          (ii)    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

          (iii)    Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

## 3.    Initial Discovery in Patent Litigation[3]

      (a)    On the date set by the Court and for each defendant,[4] the plaintiff shall specifically identify the accused products[5] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

[3] As these disclosures are "initial," each party shall be permitted to supplement.

[4] For ease of reference, "defendant" is used to identify the alleged infringer and "plaintiff" to identify the patentee.

[5] For ease of reference, the word "product" encompasses accused methods and systems as well.

(b) On the date set by the Court, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

(c) On the date set by the Court, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(d) On the date set by the Court, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

(e) Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

4. **Specific E-Discovery Issues**

(a) **On-Site Inspection of Electronic Media**.  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

(b) **Search Methodology for Non-E-mail ESI**.  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 2(b); and (ii) other ESI maintained by the custodians identified in accordance with paragraph 2(a).

4

   (c) **Search Methodology for Defendants' E-mail.** Plaintiff may propose no more than 30 total search terms per Defendant Group to be divided among that Defendant Group's e-mail custodians. The producing party shall search emails maintained by the custodians identified in accordance with paragraph 2(a). The e-mail documents responsive to the search terms shall not exceed 1,000 documents per custodian. If the search terms proposed per custodian result in more than 1,000 documents, the Plaintiff shall narrow its search terms to produce documents within the limit.

   (d) **Search Methodology for Plaintiff's E-mail.** Defendants may propose no more than 30 total search terms to be divided among the Plaintiff's e-mail custodians. The producing party shall search emails maintained by the custodians identified in accordance with paragraph 2(a). The e-mail documents responsive to the search terms shall not exceed 1,000 per custodian. If the search terms proposed per custodian result in more than 1,000 documents, the Defendants shall narrow their search terms to produce documents within the limit.

   (e) **Format**. ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

   (f) **Native Files**. The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

(g) **Metadata Fields**.  The parties are only obligated to provide the following metadata for all ESI produced , to the extent such metadata exists: Custodian, File Path, Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

SO ORDERED this ___ day of _____ 2024.

_____
UNITED STATES DISTRICT JUDGE