IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>HP INC.,<br><br>        Defendant. | Civil Action No. 23-120-RGA |
| MICROSOFT CORPORATION,<br><br>        Intervenor-Plaintiff,<br><br>  v.<br><br>LITL LLC,<br><br>        Intervenor-Defendant. | |
| LITL LLC<br><br>        Intervenor-Defendant/Counterclaim Plaintiff in Intervention,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>        Intervenor-Plaintiff/Counterclaim Defendant in Intervention, | |

| | |
|---|---|
| LITL LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC. and DELL INC.,<br><br>        Defendants.<br><br>MICROSOFT CORPORATION,<br><br>        Intervenor-Plaintiff,<br><br>  v.<br><br>LITL LLC,<br><br>        Intervenor-Defendant.<br><br>LITL LLC<br><br>        Intervenor-Defendant / Counterclaim Plaintiff in Intervention,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>        Intervenor-Plaintiff/Counterclaim Defendant in Intervention, | Civil Action No. 23-121-RGA |

| | |
|---|---|
| LITL LLC,<br><br>   Plaintiff,<br><br> v.<br><br>ASUSTEK COMPUTER INC. and ASUS GLOBAL PTE. LTDL,<br><br>   Defendants. | Civil Action No. 23-122-RGA |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br><br> v.<br><br>LITL LLC,<br><br>   Intervenor-Defendant. | |
| LITL LLC<br><br>   Intervenor-Defendant /<br>   Counterclaim Plaintiff in<br>   Intervention,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff/Counterclaim Defendant in Intervention, | |

MEMORANDUM ORDER

Before me is a motion for leave to amend filed in three different cases by Defendants HP, Dell, and ASUSTeK. (No. 23-120, D.I. 192; No. 23-121, D.I. 186; No. 23-122, D.I. 200).[1] I have considered the parties' briefing. (D.I. 193, 212, 218). For the reasons set forth below, this motion is DENIED.

I.     BACKGROUND

Plaintiff LiTL brought related actions against Defendants. (D.I. 1). Plaintiff currently alleges that a number of Defendants' products infringe one or more claims of six patents, including U.S. Patent Numbers 8,289,688 ("the '688 patent") and 9,563,229 ("the '229 patent"). Defendants filed Answers to Plaintiff's complaints in late 2023. Defendants filed the motion to amend on February 4, 2025, over seven months after the scheduling order's May 28, 2024, deadline for amending pleadings. (D.I. 44 at 4).

Defendants' motion seeks leave to amend their Answers to add the affirmative defenses of inequitable conduct and improper inventorship. (D.I. 192). Defendants argue the January 9, 2025, deposition of inventor Yves Behar revealed new information to support the defenses. (*Id.* at 6–7).

First, Defendants argue that Mr. Behar's deposition revealed that Mr. Behar began working with the One Laptop Per Child ("OLPC") organization in 2005 to redesign its $100 Laptop Prototype. (*Id.* at 6). Defendant argues that Mr. Behar became intimately familiar with the $100 Laptop Prototype, including its capability to be configured in multiple modes relevant to the '688 patent. (*Id.* at 6–7). Despite this, Mr. Behar did not disclose his familiarity with the $100 Laptop Prototype to the PTO during prosecution of U.S. Application No. 12/170,939 ("the '939 application"), the application that resulted in the '688 patent. (*Id.*). Thus, Defendants argue, the

---

[1] Unless otherwise noted, docket item citations are to the docket in case number 23-210.

4

deposition testimony provides the factual background for an inequitable conduct defense. (*Id.* at 13–14).

Second, Defendants argue that in his deposition, Mr. Behar testified that he was not an inventor of the '688 patent despite his signed declaration stating he was an inventor of the '939 application. (*Id.* at 7). Defendants argue that this testimony revealed the factual information to assert an improper inventorship defense. (*Id.* at 15).

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Once it is twenty-one days past service of the pleading, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must first apply Rule 16 of the Federal Rules of Civil Procedure. *WebXchange Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). Only after having found the requisite good cause under Rule 16 will the court consider whether the proposed amended pleading meets the standard for amendment set by Rule 15(a). *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). As the decision to grant leave to amend is not unique to patent law, the law of the regional circuit applies. *Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1374 (Fed. Cir. 2012).

A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As applied to amending a pleading, "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). Once the good cause element is met, the decision to grant or deny leave to

amend under Rule 15(a)(2) lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted if it is not futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

### III. DISCUSSION

#### A. Defendants' Request to Add an Inequitable Conduct Defense Is Denied

Defendants argue that they could not have known of Mr. Behar's familiarity with the $100 Laptop Prototype and his deliberate failure to disclose his knowledge of it to the PTO during prosecution of the '939 application. (D.I. 193 at 9). Plaintiff responds by identifying evidence that Defendants had earlier in the litigation process, explaining how this evidence provided the same information as Mr. Behar's deposition, and arguing that there was undue delay in moving to amend. (D.I. 212 at 17–18).

Although Defendants were diligent in moving to amend after Mr. Behar's deposition, most of the relevant substance from the deposition was available to Defendants substantially before the deposition. On May 1, 2024, Defendants served their preliminary invalidity contentions which identified the "MIT/One Laptop Per Child (OLPC) systems, prototypes and software" as prior art. (D.I. 194-3, EX. J at 26). The preliminary invalidity contentions included a citation to multiple OLPC documents (*id.* at 26 n.2 (citing bates numbers MIT_0000001–1840)) that showed Mr. Behar's involvement in redesigning the $100 Laptop Prototype (D.I. 213-1, Ex. 18 (bates numbers MIT_0000205–207), Ex. 19 (MIT_0000889–892), Ex. 20 (MIT_0001261-1262)). These

6

documents, labeled "A weekly update on the $100 Laptop," discussed OLPC hiring Mr. Behar to redesign the $100 Laptop Prototype, who Mr. Behar worked with on the redesign (in more specificity than he could remember in his deposition), and certain aspects of the design Mr. Behar was tasked with, including the hinge and tablet functions. (*Id.*). Not only were Defendants in possession of these documents prior to May 1, 2024, but Defendants had reviewed them as evidenced by their citation to them.

Defendants did not need to depose Mr. Behar to discover that the '939 application did not disclose the $100 Laptop Prototype. The prosecution history shows that the $100 Laptop Prototype was not cited at all during the prosecution of the '939 application. Both the application and the prosecution history were available to Defendants. With Defendants' possession of the OLPC documents outlining Mr. Behar's involvement with the redesign of the $100 Laptop Prototype, Defendants should have been prompted to investigate the information already available to them. Such investigation would have revealed the same information that Defendants argue they "could not have known until Mr. Behar was deposed." (D.I. 193 at 9). Any unknown information Defendants needed to meet the pleading requirements for inequitable conduct could have been acquired by prompt discovery requests. Plaintiff asserts, and Defendants do not deny (D.I. 218 at 2–3), that Defendants did not seek to depose Mr. Behar until over six months after the deadline to amend. (D.I. 212 at 18).

I find that Defendants lack good cause to amend their Answers to add an inequitable conduct defense. Nearly all information discussed in the deposition relevant to Defendants' inequitable conduct defense was already available to Defendants. Intent was the only element of the inequitable conduct defense that was newly supported by the deposition. However, Defendants did not seek to discover evidence to support this missing element until long after the deadline to

7

amend. Defendants discuss their work advancing the discovery process and moving this large case forward (D.I. 193 at 2–6), but work on other aspects of the case does not negate a party's responsibility to comply with the Scheduling Order that was proposed by the parties (D.I. 43) and approved by the Court (D.I. 44).

Both parties present Rule 15 arguments. (*See* D.I. 193 at 11–14; D.I. 212 at 6–14, 19–20). I do not discuss these arguments since Defendants have failed to satisfy the good cause requirement of Rule 16.

### B. Defendants' Request to Add an Improper Inventorship Defense Is Denied

Defendants argue that prior to the January 2025 deposition, they had no way of knowing that Mr. Behar was improperly listed as an inventor on the '688 patent. (D.I. 193 at 10). Although not discussed in their briefing, Defendants' Amended Answer also asserts an improper inventorship defense for the '229 patent. (D.I. 194-1 at 177).

Plaintiff argues that Defendants lack good cause under Rule 16 because they waited more than six months to investigate the defense after expressing an intent to bring an improper inventorship defense in their preliminary invalidity contentions. (D.I. 212 at 19). Plaintiff argues that Rule 15 weighs against amendment, arguing that the amendment is futile, that Defendants unduly delayed the investigation into the defense, and that it would prejudice Plaintiff to add the defense late in the litigation. (*Id.* at 14–15, 19–20).

The usefulness of the testimony to the defense is disputed, but it seems that the parties agree that the January 2025 deposition was the first instance that Defendants could obtain information about Mr. Behar's role in the invention of the disputed patents. This supports Defendants' good cause argument. However, the timing of the deposition and the content of the testimony raise questions regarding whether Defendants have good cause to significantly diverge

from the scheduling order. As the parties addressed these considerations in relation to the Rule 15 factors, I do too.

In their May 1, 2024, initial invalidity disclosures, Defendants did not identify the '688 or the '229 patents as having an improperly listed inventor. (D.I. 194-3, Ex. J at 116). However, Defendants identified other patents in the case as having an improper inventor, including patents on which Mr. Behar was listed as an inventor. (*Id.* at 116–17). Defendants listed both the '688 and '229 patents as missing inventors. (*Id.* at 116). While there is no indication that Defendants possessed direct evidence to support their improper inventorship defenses regarding Mr. Behar, Defendants had been aware of the need to investigate the inventors of the '688 and '229 patents prior to May 1, 2024. Despite this, Defendants did not attempt to depose any of the inventors until about November of 2024. (D.I. 212 at 19). Defendants have not explained the delay in seeking to depose the inventors. This delay weighs against Defendants' Rule 16 good cause argument and Defendants' Rule 15 argument against undue delay.

Mr. Behar's testimony did not reveal information sufficient to support Defendants' improper inventorship defense. Defendants argue, "Mr. Behar himself admitted that he did not 'personally contribute' to any of the claimed inventions." (D.I. 193 at 15). However, the section of the deposition that Defendants cite as support is Mr. Behar's response to the question, "[D]id you personally contribute to any aspects of Claim 17 of the '688 patent?" (D.I. 195-2, Ex. H at 89:16–17). The entire section of the deposition was only discussing claim 17. (*See id.* at 88:3–101:20). To argue that Mr. Behar did not contribute to any other claims of the '688 patent, Defendants point to a single question: "Do you recall if you contributed to the — any element of any of the other claims in the '688 patent?" (D.I. 212 at 15 (citing D.I. 195-2, Ex. H at 90:9–10).).

9

Beyond this question being a one-off topic asked directly between two questions about claim 17,[2] Mr. Behar's response does not support the improper inventorship argument. Mr. Behar responded, "I don't — I don't recall. Again, these are meetings that took place 15 years ago." (D.I. 195-2, Ex. H at 90:11–12). Failure to recollect what happened in meetings fifteen years earlier is not evidence of anything.

Mr. Behar's deposition only discussed claim 1 of the '229 patent. (*See id.* at 101:21–110:21, 136:22–157:14).

The focus on one claim in each patent fails to make out an improper inventorship defense because "a co-inventor need not make a contribution to every claim of a patent." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). This is particularly true for the '229 patent as Defendants have not pointed to any evidence that shows Mr. Behar did not contribute to the other claims in the patent. Thus, taking Defendants' allegations as true, Defendants have not plead an improper inventorship defense for the '229 patent. *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010). As the defense fails to meet the Rule 12(b)(6) requirements, it is futile. *Id.*

The remainder of Mr. Behar's deposition testimony raises questions to the futility of Defendants' improper inventorship defense for the '688 patent. Even the portion of the deposition Defendants cited to argue that Mr. Behar did not contribute to claim 17 points does not support Defendants' contention. The cited section provides:

---

[2] Directly prior to the question, the deposition transcript provides: "Q. Do you remember discussing any of the elements that are listed in Claim 17 with your team? A. I don't recall." (D.I. 195-2, Ex. H at 90:6–8). Directly after, the transcript provides: "Q. Based on your review of Claim17, is there any aspect of Claim 17 that you consider new or novel? [Objection omitted] A. Again, at the time, the rotation and position of the — and user experience of the laptop, we considered that to be new to the best of our knowledge." (*Id.* at 90:13–19).

> Q. Mr. Behar, did you personally contribute to any aspects of Claim 17 of the '688 patent?
> [Omitted objection].
> A. No. I mean, again, all these questions are very similar. I would be in a room with my team, I would say — they would show me things. I would say, oh, this is a good idea, or, continue, or, try this, or, that's good work. So I don't know what you mean by "contribute," but as part of the team, I would — I would encourage them to continue to develop the ideas that they were working on. Did I draw —
> Q. Do you remember —
> A. Did I draw these personally? No.

(D.I. 195-2, Ex. H at 89:14–90:5). After this, Mr. Behar continued to describe the work he and his team did on the '688 patent and what he believed to be novel at the time of the invention. (*See id.* at 90:16–19, 92:1–95:20). This testimony discussed ways he "contribute[d] to the conception of the claimed invention" as part of the invention team, through "open line of communication during [and] temporal proximity to [the team's] inventive efforts." *Eli Lilly Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004).

Defendants' Amended Answer alleges that there are inventors who are missing from the patents. (D.I. 194-1 at 177). Defendants do not discuss this theory in their briefing. Defendants have not pointed to any new information that would support the defense and nothing in the Behar deposition revealed that the '688 or '229 patents contained any claimed elements that the named inventors did not create. While there is a portion of the deposition in which Mr. Behar discusses how all of the named investors were designers and would not have known how a type of sensor worked, these sensors were not a new technology; the deposition discusses the sensors, a mechanism that is clearly known by those skilled in the art, as a way to achieve the claim. (D.I. 195-2, Ex. H at 95:2–100:21).

Even if there were inventors who were improperly included or excluded on the patent, "a patent cannot be invalidated if inventorship can be corrected instead." *Egenera, Inc. v, Cisco Sys.*,

11

972 F.3d 1367, 1376 (Fed. Cir. 2020). Plaintiff instead would have the opportunity to correct any inventorship errors. *Id.* at 1376–77.

Plaintiff would be unfairly prejudiced by the late amendment of Defendants' Answers. At the time Defendants filed this motion, fact discovery had already concluded. (D.I. 44 at 4). Plaintiff therefore would not have the opportunity to identify possible inventors who had not been joined. The discovery deadline is particularly relevant to an issue like this where the patents were filed over fifteen years ago and relevant information may be outside of Plaintiff's control. Allowing Defendants to amend their Answers would require the Court to alter the discovery schedule or risk depriving Plaintiff of the opportunity to properly investigate and prepare a response.

Defendants' improper inventorship defense is futile, untimely, and would prejudice Plaintiff. Considering the delay in seeking depositions of inventors and the lack of compelling evidence to support the defense, Defendants have failed to demonstrate good cause. Thus, I deny Defendants' motion for leave to amend to add an improper inventorship defense.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Leave to Amend (No. 23-120, D.I. 192; No. 23-121, D.I. 186; No. 23-122, D.I. 200) is DENIED.

IT IS SO ORDERED.

Entered this 30th day of January, 2026

    /s/ Richard G. Andrews
United States District Judge